Argued July 22, affirmed August 9, 1976

In the Matter of the Marriage of
ALVES, *Respondent,*
*and*
ALVES, *Appellant.*
(No. 34652, CA 6117)
552 P2d 864

*Leslie M. Swanson, Jr.,* Eugene, argued the cause and filed the brief for appellant.

Flaxel & Todd and Nickolas C. Nylander, North Bend, filed the brief for respondent.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

LANGTRY, J.

**LANGTRY, J.**

Wife appeals from the property division aspects of a marriage-dissolution decree. The parties were married in 1969. They lived in California. Husband had not been previously married; wife had two sons from a former marriage, 17 and 15 years of age at trial time, who were adopted by husband. Wife brought $13,100 to the marriage which was invested in the family's joint venture of purchasing and operating a dairy farm. She also worked during the entire marriage and all of her income went into the dairy and living expenses. The major part of the cost of the dairy was provided by husband, who liquidated property he owned with his family in California and put the $102,000 in proceeds into the dairy purchase. This venture was a financial disaster for all parties concerned. It sustained substantial losses each year of operation in spite of the fact that husband worked full time therein and the boys and wife also worked on it. It is now worth about $65,000 net. There were two trips abroad during the same period of time.

The decree requires husband to pay $101 per month support, plus medical expenses, for each of the boys who are in wife's custody. It gives the husband the dairy farm, subject to a $10,000 judgment against the same in favor of wife, and subject to a $30,865 indebtedness against the farm, liability from which husband is required to protect wife. Personal property was divided in accordance with the parties' agreement.

The court's reasoning at the time it announced the decree was:

> "* * * [T]his marriage has been a considerable disaster for these parties, not just the breakup of their marriage, but a financial disaster. But, all of that disaster has been sustained, actually, by the petitioner. It is his money that is gone. As a result of this decree the respondent will still come out with her $13,000 plus full credit for the sums that she has expended in the last year to preserve the property. That is, the taxes, the insurance, the payments on the ranch for the past year, full credit

for that for the preservation of that property. So, she comes out whole with whatever she brought into the marriage plus a little more. The sole loss and all of the losses during the course of this marriage are borne, actually, by the petitioner, by the husband, who brought into the marriage something in excess of $100,000 and takes out of it now something like $70,000 or less, which is substantially less than what he brought in. So, there has been a slight gain in the about five years when they were actually married for the wife and a substantial loss to the husband."

While it is arguable that some details of the court's conclusions lack accuracy, they are substantially correct. Wife's demand for a greater part of the equity remaining in the farm, if granted, would appear to us to place too great a share of the sacrifice upon husband to be just and proper under the circumstances.

Affirmed. Costs to neither party.